**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| OLUWADAYISI OMOSULE, | : | Case No. 3:12cv00101 |
| Plaintiff, | : | |
| v. | : | District Judge Timothy S. Black<br>Magistrate Judge Sharon L. Ovington |
| INS[1], et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[2]

Plaintiff Oluwadayisi Omosule brings this case *pro se* against the Immigration and Naturalization Service ("INS"), Attorney General Eric Holder, Secretary of Homeland Security Janet Napolitano, Greene County Domestic Relations Court Magistrate Kimberly Metzler-Stump, and Greene County Assistant Prosecuting Attorney Elise M. Brown. (Doc. #1-3).

On April 4, 2012, this Court granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. § 1915. Currently, the case is before the Court for a *sua sponte* review in order to determine whether Plaintiff's Complaint, or any portion of it, should be

---

[1] Although the Immigration and Naturalization Service is no longer a separate agency, the case caption should remain the same to maintain docketing continuity. *See Grewal v. Ashcroft, et al.*, 301 F. Supp. 2d 692, 697 (N.D. Ohio 2004) ("Pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, the Immigration and Naturalization Service ceased to exist as a separate agency within the Department of Justice, effect 1 March 2003, and its functions were transferred to three new agencies, all part of the Department of Homeland Security." (citing 6 U.S.C. §§ 251 and 291)).

[2] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see Lawler*, 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke*, 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

Determining whether a Complaint fails to state a claim upon which relief may be granted starts by accepting the plaintiff's allegations as true and construing the Complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). "[A] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than a 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)). "[T]he dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915A and 1915(e)(2)(B)] because the relevant

statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (internal citations omitted).

Plaintiff alleges that "[o]n Dec. 9th, 2008 [he] was stopped at the border in Montana by CBP [Customs and Border Patrol]. [And his] Nigerian passport, Green Card, [and] Driver['s] License w[ere] taken from [him]." (Doc. #1-3 at 3). Plaintiff states that he "was able to collect [his] driver['s] license and social security [card] back about 120 days later." (*Id.*). According to Plaintiff, however, the INS has not returned his passport. (*Id.*). Without his passport, Plaintiff essentially alleges he cannot renew his driver's license. Without his driver's license, Plaintiff claims to be having difficulty obtaining medical treatment from hospitals and doctors for his acid-reflux disorder because he is without "identification and resources to pay for their services." (*Id.*). Plaintiff also alleges that he is facing contempt of court due to his failure to pay child support, but is unable to find lawful employment and Department of Homeland Security "is telling [him] that [he] cannot work under the table while still under the removal proceeding." (*Id.*). Plaintiff alleges he "won the case in the removal proceeding at which [time] the INS (DHS) made a copy of [his] international passport and later appeal[ed] on 4/4/2011." (*Id.*).

As to relief, Plaintiff requests "the Court to order the INS (DHS) to give back [his] passport. And to also give [him] a letter so that [he] can use that letter at the BMV to renew [his] driver['s] license so that [he] can be able to seek medical care and be able to transport [his] child back and forth and able to transport [himself] to any court when it [is]

3

necessary to do so and reduce [his] hardship." (*Id.*). In addition, Plaintiff requests "the Court to order the INS to pay [him] $124,900 so that [he] can pay [his] debts, since [he] cannot work," and for "the Court to bring Ms. Elise M. Brown and Ms. Kimberly Metz[l]er-Stump to Court so that the INS (DHS) can explain to them that [he] cannot work under the table." (*Id.*).

Although Plaintiff's allegations are not delusional, they fail to reveal the presence of a claim over which this Court has subject matter jurisdiction. *See Wagenknecht v. United States*, 533 F.3d 412, 416 (6th Cir. 2008) ("a district court may *sua sponte* dismiss an action when it lacks subject matter jurisdiction."). Plaintiff appears to be petitioning this Court for a writ of mandamus, requiring DHS to return his passport to him. "A writ of mandamus is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty." *Shewchun v. Meissner*, 1996 U.S. App. LEXIS 12443 at *3 (6th Cir. 1996) (citing *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991)). As Plaintiff has not shown that he has exhausted his administrative remedies, this Court is without subject matter jurisdiction in this case. *See Omosule v. INS*, 1999 U.S. App. LEXIS 28509 at *2-*3 (6th Cir. 1999) ("Upon de novo review, we conclude that the district court properly dismissed the case for lack of subject matter jurisdiction because Omosule did not demonstrate that he had exhausted all avenues of relief.") (internal citations omitted). Accordingly, Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff Oluwadayisi Omosule's Complaint be DISMISSED;

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.


April 10, 2012 s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).